UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STEVEN RICHARD SMASAL,

    Petitioner,                                  Case No. 18-11706

v.

                                          HON. DENISE PAGE HOOD

WARDEN J.A. TERRIS,

    Respondent.

_____/

**ORDER SUMMARILY DISMISSING
PETITION FOR WRIT OF HABEAS CORPUS
AND
DENYING ANY ISSUANCE OF CERTIFICATE OF APPEALABILITY**

This matter is before the Court on Petitioner Steven Richard Smasal's unsigned Petition for Writ of Habeas Corpus under 28 U.S.C.§ 2241. (Doc. No. 1) Smasal asserts he was convicted under 18 U.S.C. § 2423(B) & (C) and sentenced to a 51 months term of imprisonment, followed by 15 years of supervised release. He was sentenced before the "United States Supreme Court District of Minnesota." *Id.* Smasal indicates he has not filed any previous lawsuits relating to his present claim.

Smasal asserts that his continuing detention is unlawful under the recent United States Supreme Court decision issued on April 17, 2018, *Sessions v. Dimaya,* 138 S.Ct. 1204 (2018). The Supreme Court held that based on its holding in *Johnson v. United States,* 135 S.Ct. 2551 (2015), the term "aggravated felony"

as a basis for removal of an alien found in the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(23)(A)(iii), and the term "crime of violence" set forth in the residual clause of 18 U.S.C. §16(b), are unconstitutionally vague. *Id.* at 1216.

"A federal prisoner must challenge the *legality of his detention* by motion under 28 U.S.C. § 2255, but may challenge the *manner or execution* of his sentence under 28 U.S.C. § 2241." *Wooten v. Cauley,* 677 F.3d 303, 306 (6th Cir. 2012)(emphasis added)(citing, *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001)). Section 2255 states:

> An application for a writ of habeas corpus . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

Smasal's Petition indicates he has not filed any lawsuits regarding his present claim. Smasal fails to assert that he applied for relief, by motion, to the court which sentenced him, which he states is the District Court in Minnesota. Smasal also fails to assert that the remedy by motion before the District Court in Minnesota is inadequate or ineffective to test the legality of his detention in order for this Court to review his present claim.

This Court does not have the authority to entertain Smasal's § 2241 Writ of Habeas Corpus unless Smasal first files the appropriate motion before the court which sentenced him and that any remedy before that court is inadequate or ineffective.

Accordingly,

IT IS ORDERED that Petitioner Steven Richard Smasal's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 **(Doc. No. 1)** is DENIED and DISMISSED without prejudice to Petitioner first filing the appropriate motion before the court which sentenced him.

IT IS FURTHER ORDERED that the Order Requiring Responsive Pleading **(Doc. No. 3)** entered by the Magistrate Judge is SET ASIDE.

IT IS FURTHER ORDERED that any request to issue a certificate of appealability is DENIED. To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Court's reading of the Petition does not reveal a substantial showing of the denial of a constitutional right by this Court's dismissal of this action based on the reasons set forth above.

                              S/Denise Page Hood  
                              Denise Page Hood  
                              Chief Judge, United States District Court

Dated: June 7, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 7, 2018, by electronic and/or ordinary mail.

                         S/LaShawn R. Saulsberry
                         Case Manager